# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUNLAND TRADING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No. 22-00192 |

## COMPLAINT

Plaintiff, Sunland Trading, Inc. ("Sunland Trading" or "Plaintiff"), by and through its attorneys (Foley & Lardner LLP), hereby state and allege the following:

## STATEMENT OF THE CASE

1. This action challenges the affirmative critical circumstances determination of the majority of the International Trade Commission ("ITC") Commissioners regarding raw honey from the Socialist Republic of Vietnam, resulting in the issuance of an antidumping duty order that directed Customs & Border Protection ("CBP") to collect ninety days of additional duties prior to the suspension of liquidation, as authorized pursuant to the Trade Act of 1974, 19 U.S.C. § 2411, as it relates to certain imported raw honey from Socialist Republic of Vietnam ("Vietnam").

## JURISDICTION

2. Plaintiff brings this action pursuant to section 516a of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(i), which provides that certain final determinations on the record are reviewable by this Court, which includes affirmative findings of critical circumstances.

3. This action is an appeal of the final affirmative determination of critical circumstances by the ITC under 19 U.S.C. §§ 1671d and 1673d, as implemented in the antidumping duty order on raw honey from the Socialist Republic of Vietnam, Inv. No. 701-TA-1564 (Final). *See* Int'l Trade Commission, *Raw Honey From Argentina, Brazil, India, and Vietnam*, 87 Fed. Reg. 33,831 (June 3, 2022) and *Raw Honey From Argentina, Brazil, India, and the Socialist Republic of Vietnam: Antidumping Duty Orders,* 87 Fed. Reg. 35,501 (June 10, 2022).

4. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## STANDING OF PLAINTIFF

5. Plaintiff, Sunland Trading, is a U.S. importer of raw honey from Vietnam. As such, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Plaintiff also filed briefing and submitted factual information, on its own behalf and/or as part of the National Honey Packers & Dealers Association, and otherwise participated fully in the underlying administrative proceeding that led to the factual findings and legal conclusions being challenged in this action. Accordingly, Plaintiff is both an "interested party" and a "party to the proceeding" and, therefore, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

6. Plaintiff timely filed this action by filing the summons in this action on July 7, 2022 within thirty days after the ITC published the *Antidumping Duty Order* in the Federal Register that implemented the ITC's affirmative critical circumstances finding relating to imports of raw honey from Vietnam. *See Antidumping Duty Order*, 87 Fed. Reg. 35,501 (June 10, 2022).

7. Plaintiff is filing this complaint within 30 days after filing the summons. Accordingly, this complaint and the overall action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II), 28 U.S.C. § 2636(c), and Rule 3 of this Court.

## FACTUAL ALLEGATIONS

8. This case involves the antidumping duty ("AD") order on raw honey from Vietnam issued in connection with ITC investigation number 701-TA-1564 (Final).

9. On June 3, 2022, the ITC made unanimous determinations that an industry in the United States is materially injured by reason of imports of raw honey from Argentina, Brazil, India, and Vietnam sold in the United States at less than fair value. *Raw Honey From Argentina, Brazil, India, and the Socialist Republic of Vietnam: Determinations,* 87 Fed. Reg. 33,831 (June 3, 2022). The majority of the ITC Commissioners also found that imports subject to the Department's affirmative critical circumstances determinations "are likely to undermine seriously the remedial effect of the antidumping duty order on Vietnam." *Id.* at 33,831 n.3. The ITC Commissioners issuing the affirmative critical circumstances determination regarding Vietnamese imports are Commissioner Rhonda Schmidtlein, Commissioner Jason Kearns, Commissioner Randolph Stayin, and Commissioner Amy Karpel. As a result, certain imports

|     | |
| --- | --- |
|     | from Vietnam are subject to ninety additional days of retroactively imposed antidumping duties. *See Raw Honey From Argentina, Brazil, India, and the Socialist Republic of Vietnam: Antidumping Duty Orders,* 87 Fed. Reg. 35,501 (June 10, 2022) at 35,502. |
| 10. | ITC Chairman David Johanson dissented regarding critical circumstances from Vietnam, finding that the record supported the issuance of a negative critical circumstances finding for imports of raw honey from Vietnam. |
| 11. | As presented to the ITC, the record of the present investigation demonstrates that foreign producers, including those in Vietnam, produce honey based on seasonal trends. The import pattern from the year prior to the petition being filed demonstrates the same seasonality, as do other years prior to that. |
| 12. | The record demonstrates that nearly all raw honey imported from Vietnam is used in commercial applications by U.S. bakeries, but that U.S.-produced raw honey is nearly all sold to retail consumers, as it is not suitable in most baking uses. This is in large part due to color differences, flavor profiles, and suitability for use in baking products, as well as U.S. consumer preferences, all of which mean that domestic-produced and Vietnamese-produced raw honey largely are not sold into the same markets or to the same consumers. Raw honey from Vietnam accordingly does not compete head-to-head with U.S.-produced raw honey, which negates any potential impact of any increased imports or inventories of raw honey from Vietnam. |
| 13. | In these circumstances, and as was outlined before the ITC, it is apparent that any increased level of imports of Vietnamese raw honey that entered after the filing of the petition could not have supplanted sales for the domestic industry and were not in a position to undermine the efficacy of the antidumping duty order. It also is apparent that any increased inventories |

of raw honey also are not in a position to undermine the efficacy of the antidumping duty order, particularly because the record shows that nearly all increased imports of raw honey from Vietnam were quickly sold off into the U.S. market, meaning that there is no inventory overhang that could undermine the antidumping duty order.

## STATEMENT OF CLAIMS

14. The final affirmative determination of critical circumstances issued by the ITC majority regarding imports of raw honey from Vietnam, as implemented in the *Antidumping Duty Order*, is unsupported by substantial evidence and is otherwise not in accordance with law, as discussed in each Count below.

## COUNT ONE

15. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 14 above as if set forth fully herein.

16. The Vietnamese import volume and inventories subject to the ITC's affirmative critical circumstances determination have not in fact increased by such a magnitude that they could undermine seriously the remedial effect of the *Antidumping Duty Order* under 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A), as determined by the ITC majority. The ITC's affirmative critical circumstances decision regarding raw honey from Vietnam is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to the volume and inventories of imports, the two statutory elements required for an affirmative critical circumstances finding.

## COUNT TWO

17. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 16 above as if set forth fully herein.

18. The increase in imports that occurred in the comparison period used by the ITC to evaluate critical circumstances was of a similar magnitude to the increase in imports during the identical period the prior year (before the petition was filed), were consistent with normal seasonal patterns, and otherwise did not strongly deviate from expected import patterns, demonstrating that there was no significant variation in expected import patterns due to the filing of the petition. *See* ¶ 10. Further, the record demonstrated that much of the increase in imports of raw honey from Vietnam were quickly sold off into the very large U.S. market, thus negating any possibility that the increased imports are in a position to undermine the antidumping duty order. The ITC's decision is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to the volume of imports.

## COUNT THREE

19. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 18 above as if set forth fully herein.

20. There is strong commercial demand for raw honey produced in Vietnam, particularly by bakers who consume nearly all of the Vietnamese raw honey. Due to the different environment in the United States, the domestic industry is not able to meet these specific domestic demands from these clients, which was increasing due to response of the U.S. market to COVID and other factors. Thus, the imports of Vietnamese raw honey during the critical circumstances period were needed to fulfill increased demand that the U.S. producers were not able to fulfill. Based on these circumstances, the critical circumstances decision of the ITC's majority is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT FOUR

21. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 20 above as if set forth fully herein.

22. The majority of the ITC failed to consider other factors or "circumstances indicating that the remedial effect of the {order} will be seriously undermined," as required by 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A). The record demonstrates that nearly all raw honey imported from Vietnam is used in commercial applications by U.S. bakeries, and in baked and processed foods, while U.S.-produced raw honey is nearly all sold to consumers, as it is not suitable in most baking uses. *See* ¶ 11. The lack of competition between Vietnamese and U.S.-produced raw honey negates any inference that increased imports or inventories of raw honey from Vietnam could undermine the antidumping duty order. The ITC's decision is therefore not supported by substantial evidence with respect to the specific demand for Vietnamese honey, ignored substantial evidence regarding why the domestic product seldom is an appropriate substitute for raw honey from Vietnam, and otherwise is not in accordance with law.

## COUNT FIVE

23. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 22 above as if set forth fully herein.

24. The United States inventory levels were at a record low during the period of review, in part due to a low yield of domestic honey in 2021. Further, the record demonstrates that any build-up of Vietnamese raw honey during the critical circumstances period was very small when evaluated within the context of the very large U.S. market for raw honey. Because it ignored

this and other evidence indicating that inventories of raw honey from Vietnam were not in a position to undermine the antidumping duty order, the majority's evaluation of the potential impact of inventories of Vietnamese raw honey and its overall critical circumstances decision is not supported by substantial evidence and is otherwise contrary to law.

## COUNT SIX

25. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 24 above as if set forth fully herein.

26. The Vietnamese import volume and inventories subject to the ITC's affirmative critical circumstances determination have not in fact increased by such a magnitude that they could undermine seriously the remedial effect of the *Antidumping Duty Order* under 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A), as determined by the ITC. The ITC has explained that "the plain meaning of the term 'undermine seriously' establishes a very high standard: that the surge in imports greatly and insidiously weakens or subverts the effects of the order." *See* Statement of Administrative Action ("SAA") to the Uruguay Round Agreements Act, H.R. Rep. No. 103-316, at 877 (1994); *see also Certain Preserved Mushrooms from China, India, and Indonesia*, Inv. Nos. 731-TA-777-779 (Final), USITC Pub. 3159 at 27-28 (Feb. 1999) (views of Chairman Bragg and Commissioners Crawford and Askey).

27. The record evidence does not meet the very high standard that the imports at issue greatly and insidiously have weakened or subverted the effects of the *Antidumping Duty Order*, meaning that the determination of the majority of the Commission that raw honey from Vietnam met the critical circumstances standard was contrary to the statutory requirements and otherwise is not in accordance with law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant and award the following relief:

a.  hold that the affirmative finding of critical circumstances regarding imports of raw honey from Vietnam by the ITC majority was unsupported by substantial evidence and otherwise was not in accordance with law;

b.  remand this matter with instructions to revise the ITC's final determination and the Department's *Antidumping Duty Order* consistent with the findings of the Court; and

c.  grant Plaintiff such further and additional relief as this Court may deem just and proper.

/s/ Gregory Husisian
Gregory Husisian
Foley & Lardner LLP
Suite 600
3000 K Street NW
Washington, DC 20007
202.945.6149
ghusisian@foley.com

Counsel to Sunland Trading, Inc.

/s/ Jenlain Scott
Jenlain Scott
Foley & Lardner LLP
Suite 600
3000 K Street NW
Washington, DC 20007
202.295.4001
jcscott@foley.com

Counsel to Sunland Trading, Inc.

Dated: August 4, 2022

## CERTIFICATE OF SERVICE

I certify that on August 4, 2022, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Gregory Husisian*
Gregory Husisian
Jenlain Scott
Foley & Lardner LLP
Suite 600
3000 K Street NW
Washington, DC 20007
202.945.6149
ghusisian@foley.com
jcscott@foley.com

Counsel to Sunland Trading, Inc.

Dated: August 4, 2022

4867-7507-4092.2

PUBLIC CERTIFICATE OF SERVICE

I hereby certify that the foregoing submission filed on August 4, 2022 was served on this 4th day of August 2022, via e-mail on the following parties:

| | |
|---|---|
| Julie C. Mendoza, Esq.<br>Morris, Manning & Martin, LLP<br>1401 Eye Street, NW Suite 600<br>Washington, DC 20005<br>jmendoza@mmmlaw.com<br>tradeservice@mmmlaw.com<br><br>Gregory J. Spak, Esq.<br>White & Case<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>gspak@whitecase.com<br>apotrade@whitecase.com<br><br>Minister Pablo Rodriguez Brizuela<br>Embassy of the Republic of Argentina<br>1600 New Hampshire Ave, NW Washington, DC 20009<br>eeeuu@mrecic.gov.ar<br><br>Aluisio Gomien de Lima Carmpos,<br>Economic Advisor Embassy of Brazil<br>3006 Massachusetts Avenue, N.W.<br>Washington, DC 20008<br>Aluisio.Campos@itamaraty.gov.br | R. Alan Luberda, Esq.<br>Kelley Drye & Warren LLP<br>Washington Harbour Suite 400<br>3050 K Street, NW<br>Washington, DC 20007<br>aluberda@kelleydrye.com<br>tradenotifications@kelleydrye.com<br><br>Daniel J. Cannistra, Esq.<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2595<br>dcannistra@crowell.com<br>intltrade@crowell.com<br><br>Richard Ferrin<br>Faegre Drinker Biddle Reath LLP<br>1500 K Street, NW<br>Washington, D.C. 20005<br>Richard.ferrin@faegredrinker.com<br><br>Jeffrey S. Neeley<br>Husch Blackwell<br>750 17th Street, NW Suite 900<br>Washington, DC 20006<br>jeffrey.neeley@huschblackwell.com |

Gregory Husisian
Foley & Lardner LLP
3000 K Street NW
Washington, DC 20007
August 4, 2022